

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REBECCA LESIKAR | CIVIL ACTION NO. 04-0786 |
| VERSUS | JUDGE DONALD E. WALTER |
| FRYMASTER, L.L.C. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment filed on behalf of defendant, Frymaster, L.L.C. [Doc. #s 15 & 22],[1] pursuant to Federal Rule of Civil Procedure 56.[2] Plaintiff opposes this motion. For the reasons assigned herein, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**, and plaintiff's state law claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff, Rebecca Lesikar ("Lesikar"), brings this action against her former employer, Frymaster, L.L.C. ("Frymaster"), alleging that Frymaster discriminated and retaliated against her in

---

[1] The Motion for Summary Judgment docketed as Document No. 15 is the same Motion for Summary Judgment docketed as Document No. 22. However, Document No. 22 was filed in response to the Court's Order of May 18, 2005 [Doc. #21], wherein the Court required defendant to refile its Memorandum in Support of its Motion for Summary Judgment with all exhibits cited therein to be numbered in accordance with the Court's Scheduling Order. Thus, all references to exhibits in this Memorandum Ruling will correspond to the exhibit numbers in Document No. 22. Further, disposition of the Motion for Summary Judgment docketed as Document No. 22 necessarily disposes of the Motion for Summary Judgment docketed as Document No. 15.

[2] Also before this Court is defendant's Motion to Strike Plaintiff's Affidavit [Doc. #29] wherein defendant asserts that Lesikar's affidavit offered in support of her opposition to defendant's Motion for Summary Judgment is inadmissible under Federal Rule of Civil Procedure 56(e) because "it contains numerous conclusory statements, legal conclusions, opinions, hearsay, and information not based on personal knowledge;" and Lesikar's affidavit "directly contradicts her earlier deposition testimony." Defendant's Motion to Strike [Doc. #29] is **GRANTED** to the extent that the Court considered only competent summary judgment evidence in reaching its decision with regard to defendant's Motion for Summary Judgment.

violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Louisiana law when Lesikar's employment with Frymaster was terminated effective June 6, 2002. Lesikar asserts that, according to the initial work status report of her physician, she was limited to sedentary work: no squatting or bending, only one to four hours of standing or walking, and only occasional reaching. Lesikar's work limitations and restrictions arose out of knee injuries sustained as a result of a non-work related motor vehicle accident in 2000.

Lesikar was first hired by Frymaster in 1979, and worked continuously for Frymaster until her employment was terminated in June 2002. Defendant's Exh. 1, Deposition of Lesikar ("Lesikar Depo."), pp. 7-8. Plaintiff worked in Frymaster's Wire Fabrication Department. Id. at pp. 47-49. Although plaintiff asserts that she could perform all jobs in the Wire Fabrication Department, Lesikar worked an eight hour shift, that began at 7:00 a.m. and ended at 3:30 p.m., as a wire cutter. Id. at p. 50; Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, ¶3. During the work day, Lesikar had two ten-minute breaks, and a thirty minute lunch period. Defendant's Exh. 1, Lesikar Depo., p. 50.

In August 2000, Lesikar was in a non-work related motor vehicle accident that resulted in trauma to her left knee. Id. at pp. 20-21. Lesikar underwent knee surgery on her left knee on or about September 19, 2000. Id. at p. 21. After surgery, Lesikar was released to full duties and returned to unrestricted work in Frymaster's Wire Fabrication Department. Id. at pp. 22, 25. In November 2001, plaintiff was involved in a work-related accident which, according to plaintiff, did not result in an injury.[3] Plaintiff's Response to Defendant's Statement of Undisputed Material Facts,

---

[3]Plaintiff asserts that she left work following the November accident to be examined and treated, if necessary. However, Lesikar returned to work the next day. Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, ¶9.

2

¶9. Lesikar underwent a second surgery to her left knee in February 2002, and was on a medical leave of absence until May 2002. Defendant's Exh. 1, Lesikar Depo., pp. 27-28.

On May 1, 2002, Lesikar was informed in writing by the Human Resources Department of Frymaster that her medical leave period was set to expire on Tuesday, May 7, 2002. Defendant's Exh. 2, Declaration of Una Palmer ("Palmer Decl."), ¶4; Defendant's Exh. 2-1. In response to this correspondence, Lesikar asked an unidentified person with Frymaster if she would be able to return to work if she obtained a release from her physician. Defendant's Statement of Undisputed Material Facts ("SUF"), ¶12; Plaintiff's Response to Defendant's SUF, ¶12. Although Lesikar had exhausted her leave, she was granted until Monday, May 13, 2002 to return to work. Id. at ¶13. On May 7, 2002, Frymaster received a note from Dr. Walter R. Shelton, plaintiff's treating physician, wherein he indicated that Lesikar could return to work on May 13, 2002 without restrictions. Defendant's Exh. 2, Palmer Decl., ¶6; Defendant's Exh. 1-5; Defendant's SUF, ¶14; Plaintiff's Response to Defendant's SUF, ¶14.

Lesikar returned to work at Frymaster on May 13, 2002. Defendant's Exh. 1, Lesikar Depo., p. 54. On May 22, 2002, Frymaster received a Work Status Report form issued by Frymaster and marked by Dr. Shelton indicating that Lesikar was restricted to sedentary work. Defendant's Exh. 2-3; Defendant's SUF, ¶17; Plaintiff's Response to Defendant's SUF, ¶17. Lesikar did not work after May 22, 2002. Defendant's SUF, ¶20; Plaintiff's Response to Defendant's SUF, ¶20. However, on May 30, 2002, Frymaster received an updated Work Status Report form from Dr. Shelton wherein he marked that Lesikar was restricted to "Light Work." Id. at ¶21; Defendant's Exh. 1-7. Frymaster terminated plaintiff's employment on June 6, 2002. Plaintiff's Exh. 2-4.

On March 6, 2003, Lesikar submitted an ADA Questionnaire to the Equal Employment

3

Opportunity Commission (the "EEOC") wherein she marked that she has a physical impairment that substantially limits a major life activity. Defendant's Exh. 1-3. In the Questionnaire, plaintiff stated that the following life activities were limited by her impairment: running, standing "for periods of time," squatting, and ascending and descending stairs. Id. Plaintiff also stated that her impairment affected her ability to mow the lawn, and caused her to stop and rest while performing housework. Id. Lesikar executed her EEOC Charge of Discrimination on April 9, 2003. Defendant's Exh. 1-8. The EEOC issued to plaintiff a Right to Sue Notice on February 5, 2004. Id.

Lesikar filed suit against Frymaster on April 2, 2004 alleging disability discrimination, retaliation and state law claims. See Complaint.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## **LAW AND ANALYSIS**

Defendant asserts, and plaintiff concedes, that pursuant to La. R.S. 23:303(D) and La. Civ.

Code art. 3492[4] Lesikar's state law claims for disability discrimination and retaliation, respectively, have prescribed. Therefore, the only claims the Court must examine are plaintiff's disability discrimination and retaliation claims under the ADA.

I.  **ADA Retaliation Claim.**

An employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). The ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, et seq. Dao, 96 F.3d at 789.

Plaintiff asserts that her employment was terminated in retaliation for requesting an accommodation on or about May 30, 2002. In its motion, defendant asserts that plaintiff's retaliation claim is procedurally barred because plaintiff failed to check the "Retaliation" box on the EEOC charge form, and failed to allege retaliation in the narrative portion of the EEOC charge form. Thus, according to defendant, plaintiff failed to exhaust her administrative remedies with regard to her retaliation claim.

Plaintiff concedes that she did not specifically allege retaliation in her EEOC charge. However, plaintiff asserts that failing to include such an allegation is not fatal to her retaliation claim because "[c]ourts have ancillary jurisdiction for retaliation claims growing out of an earlier Charge,"

---

[4] Authority for plaintiff's retaliation claim is found in Louisiana's "whistle-blower" statute, La. R.S. 23:967, which does not specify a prescriptive period. However, Lesikar's "whistle-blower" claims are delictual in nature, and, absent a specification in La. R.S. 23:967, plaintiff's cause of action thereunder is subject to the general one-year prescriptive period for delictual actions provided in La.C.C. art. 3492. Nolan v. Jefferson Parish Hosp. Service Dist. No. 2, 790 So.2d 725, 733 (La.App. 5 Cir. 2001).

Plaintiff's Opp., p. 6, relying upon Gupta v. East Texas State University, 654 F.2d 411 (5th Cir. 1981). Plaintiff's reliance on Gupta, supra, is misplaced.

In Gupta, the plaintiff filed an EEOC charge alleging national origin and religious discrimination. Id. at 413. He later sued his former employer for the alleged discrimination. In that lawsuit, the plaintiff also claimed that after he filed the EEOC charge, his employer retaliated against him. The plaintiff did not, however, file an EEOC charge alleging retaliation. Id. The Gupta Court held that it was not necessary to file an EEOC charge for a retaliation claim when that claim grows out of a previously filed EEOC charge. Id. at 414.

Gupta is distinguishable from the case sub judice because Lesikar's retaliation claim does not grow out of a previously filed EEOC charge. Rather, plaintiff alleges that she was retaliated against for requesting an accommodation. Plaintiff's request occurred before Lesikar ever went to the EEOC. Thus, Gupta, supra, does not apply. See, e.g., Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 545 n. 2 (7th Cir. 1988), cert. denied, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989) (where the alleged retaliation occurs before the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies on that claim).

On the other hand, the scope of an ADA complaint is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. See Thomas v. Texas Dept. of Criminal Justice, 220 F.3d 389, 395 (5th Cir. 2000). Lesikar asserted the following in the narrative portion of her EEOC charge:

I. I was employed from July 1979 until I was discharged on June 7, 2002. I was a Labor Grade 4 at the time of my termination.
II. Judy Swint, Human Resources Manager, gave me an administrative termination. She told me that I had exhausted all of my medical leave.

7

III.  I believe I was discharged because of my disability in violation of the Americans with Disabilities Act of 1990.

Complaint, Exh. A.

This Court finds that, at the least, there is a genuine issue of material fact as to whether plaintiff's retaliation claim reasonably could have developed from the EEOC's investigation of the charges of disability discrimination before it. Thus, as to plaintiff's retaliation claim, defendant's motion must be **DENIED**.

**II.  ADA Disability Discrimination Claim.**

Defendant asserts that plaintiff cannot come forward with sufficient evidence that she is "disabled" under the ADA. This Court finds that plaintiff has met her burden on summary judgment and, at the least, has raised a genuine issue for trial regarding the issue of disability. Accordingly, defendant's motion regarding plaintiff's disability discrimination claim must also be **DENIED**.

## CONCLUSION

For the reasons stated above, plaintiff's state law claims are **DISMISSED**. Plaintiff's ADA claims for disability discrimination and retaliation remain.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this ___7___ day of November, 2005.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE